# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome N. Dais, #95978-071,  ) | C/A No. 9:05-2797-DCN-GCK |
| ) | |
| Petitioner,  ) | |
| ) | |
| vs.  ) | **ORDER** |
| ) | |
| John LaManna, Warden Edgefield  ) | |
| Federal Correctional Institution,  ) | |
| ) | |
| Respondent.  ) | |
| _____) | |

      The above referenced case is before this court upon the magistrate judge's recommendation that petitioner's Petition for Habeas Corpus should be denied and dismissed, and respondent's Motion to Dismiss should be granted.

      This Court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984 ).[1]  **Objections to the magistrate judge's report and recommendation were filed on September 11, 2006.**

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **affirmed**, the petition for habeas corpus is denied and **dismissed**, and respondent's Motion to Dismiss is **granted**.

**AND IT IS SO ORDERED.**

David C. Norton
United States District Judge

Charleston, South Carolina
September 13, 2006

*NOTICE OF RIGHT TO APPEAL*
The parties are hereby notified that any  right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.